**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Robert Peterson,<br><br>    Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>    Defendant. | Civil Action No.: _____ |

**COMPLAINT**

For this Complaint, the Plaintiff, Robert Peterson, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

3. Plaintiff, Robert Peterson (hereafter "Plaintiff"), is an adult individual residing at 95 Wycombe Place, Somerset, New Jersey 08873, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Portfolio Recovery Associates, LLC (hereafter "Defendant"), is a foreign limited liability company with an address of 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Plaintiff began receiving communication from the Defendant regarding a debt with Fleet Bank.

10. The Plaintiff informed the Defendant that he had never had an account with Fleet Bank and that he had been the victim of identity theft on three separate occasions, all of which were properly documented and filed with the police.

11. Nevertheless, the Defendant began contacting the Plaintiff at his place of employment and continued contacting the Plaintiff at work even after the Plaintiff had requested that the Defendant cease communication with him at work and after the Plaintiff informed the Defendant that such communication was not permitted by his employer.

12. Despite the Plaintiff's repeated assertions that the debt was not his, the Defendant persisted and began making threats to the Plaintiff, threatening to put a black mark on his credit.

13. When the Plaintiff attempted to speak to supervisors and managers at the Defendant's office, the Defendant refused to speak with the Plaintiff unless the Plaintiff affirmed that the debt belonged to him.

14. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and place of employment.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

17. The Defendant contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

18. The Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

19. The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

20. The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

21. The Defendant misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

22. The Defendant threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

23. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

24. The Defendant failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

25. The Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

26. The Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

27. The Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

28. The Defendant failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

29. The Defendant continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

30. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

34. New Jersey further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated New Jersey state law.

35. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls to his home during unusual hours and by contacting the Plaintiff at his place of employment.

36. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

37. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

38. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

39. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;
5. Punitive damage; and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 3, 2009

Respectfully submitted,

By: /s/ Debra Kudriavetz

Debra Kudriavetz, Esq.
9 Main Street
Randolph, NJ 07869
Telephone: (973) 584-2885
Facsimile: (877) 795-3666

Of Counsel To
Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666