UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
DIVISION OF TRENTON

|  |  |
|---|---|
| Robert Peterson,<br><br>Plaintiff,<br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 3:09-cv-02707 (AET/LHG) |

**FIRST AMENDED COMPLAINT**

Plaintiff, Robert Peterson, says by way of this First Amended Complaint against Defendant, Portfolio Recovery Associates, LLC, as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey and a substantial portion of the acts giving rise to this action occurred in this State.

**PARTIES**

3. Plaintiff, Robert Peterson (hereafter "Mr. Peterson"), is an adult individual residing at 95 Wycombe Place, Somerset, New Jersey 08873, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Portfolio Recovery Associates, LLC (hereafter "PRA" or "Defendant"), is a foreign limited liability company with an address of 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502, operates as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Alleged Debt

6. In September, 1994, on information and belief, an unknown individual or entity incurred a financial obligation (the "Alleged Debt") to Fleet Bank in the form of a direct installment loan.

7. Mr. Peterson, who was merely implicated as a result of identity theft, was in no manner affiliated with the Alleged Debt.

8. The Alleged Debt was primarily for family, personal or household purposes and was a "debt" as defined by 15 U.S.C. § 1692a(5)..

9. The Alleged Debt was purchased, assigned or transferred to either PRA for collection or to another unknown creditor which employed PRA to collect the Alleged Debt.

10. Defendant attempted to collect the Alleged Debt and, as such, engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

**B. PRA Engages in Harassment and Abusive Tactics**

**FACTS**

11. Defendant did not begin its collection activities until 2003, sitting on its rights for nine years after the Alleged Debt was incurred.

12. Defendant sent correspondence, including Defendant's initial letter, to addresses at which Plaintiff never resided.

13. At no point did Mr. Peterson ever receive any written communication from Defendant until he supplied Defendant with his address in 2007.

14. Throughout 2007, Defendant telephoned Mr. Peterson's parents' home repeatedly.

15. During those telephone calls, Defendant's agent informed Mr. Peterson's parents that it was attempting to collect a debt from Mr. Peterson.

16. Mr. Peterson's mother informed him that Defendant telephoned her home looking for him.

17. To alleviate any further disturbance to his parents, Mr. Peterson provided Defendant his proper address and telephone number.

18. Mr. Peterson also informed Defendant that he had never had an account with Fleet Bank and that he had been the victim of identity theft on three separate occasions, all of which were properly documented and filed with the police.

19. Nevertheless, Defendant continued its attempts to collect the Alleged Debt from Mr. Peterson.

20. Defendant repeatedly contacted Mr. Peterson at Mr. Peterson's place of employment.

21. Although Mr. Peterson requested Defendant to cease any and all communications with him at work, informing Defendant that his employer prohibited such communications, Defendant disregarded his request.

22. Mr. Peterson attempted to speak with supervisors and managers at Defendant's office regarding Defendant's blatant disregard of his request.

23. Defendant, however, indicated that it would speak with Mr. Peterson on the condition that Mr. Peterson affirm that the Alleged Debt belonged to him.

24. Defendant insisted that Mr. Peterson provide his social security number to verify that the Alleged Debt was his before supplying him with any information.

25. Despite Mr. Peterson's repeated assertions that the Alleged Debt was not his, Defendant persisted in its contacts, including, but not limited to, threats to place a "black mark" on Mr. Peterson's credit.

26. Following Defendant's first communication with Mr. Peterson, Defendant failed to send Mr. Peterson a 30-day validation notice notifying him of his rights to dispute the Alleged Debt and have verification of the Alleged Debt obtained and mailed to him.

27. Nevertheless, Mr. Peterson disputed the Alleged Debt.

28. Despite the events recounted in Paragraphs 26 and 27 above, Defendant continued its attempts to collect the Alleged Debt.

29. Defendant also informed credit reporting agencies that Mr. Peterson was in debt.

30. Defendant, however, failed to inform these same agencies that Mr. Peterson was disputing the Alleged Debt, choosing instead to supply incomplete information.

### C. Mr. Peterson Has Suffered Actual Damages

31. Mr. Peterson has suffered actual damages including, but not limited to, humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, and unjustified and abusive invasions of personal privacy as a result of Defendant's illegal collection communications enumerated above.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

32. Plaintiff incorporates by reference all of the allegations set forth above as though fully set forth herein.

33. Defendant contacted third parties and failed to identify itself and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

34. Defendant informed third parties that Mr. Peterson was in debt and the nature of the Alleged Debt, in violation of 15 U.S.C. § 1692b(2)..

35. Defendant contacted third parties in regards to the Alleged Debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

36. Defendant contacted Mr. Peterson at a place and during a time known to be inconvenient for Mr. Peterson, in violation of 15 U.S.C. § 1692c(a)(1).

37. Defendant communicated with Mr. Peterson at his place of employment, knowing that Mr. Peterson's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

38. Defendant communicated with individuals other than Mr. Peterson, Mr. Peterson's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

39. Defendant used profane and abusive language when speaking with Mr. Peterson, in violation of 15 U.S.C. § 1692d(2).

40. Defendant caused a phone to ring repeatedly and engaged Mr. Peterson in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

41. Defendant misrepresented the character, amount and legal status of the Alleged Debt, in violation of 15 U.S.C. § 1692e(2).

42. Defendant threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

43. Defendant failed to report that the Alleged Debt was disputed to credit bureaus, in violation of 15 U.S.C. § 1692e(8),.

44. Defendant employed false and deceptive means to collect the Alleged Debt, in violation of 15 U.S.C. § 1692e(10).

45. Defendant attempted to collect an amount not authorized by the agreement creating the Alleged Debt, in violation of 15 U.S.C. § 1692f(1).

46. Defendant failed to send Mr. Peterson a validation notice stating the amount of the Alleged Debt, in violation of 15 U.S.C. § 1692g(a)(1).

47. Defendant failed to send Mr. Peterson a validation notice stating the name of the original creditor to whom the Alleged Debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

48. Defendant failed to send Mr. Peterson a validation notice stating Mr. Peterson's right to dispute the Alleged Debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

49. Defendant failed to send Mr. Peterson a validation notice informing Mr. Peterson of his right to have verification and judgment mailed to him, in violation of 15 U.S.C. § 1692g(a)(4).

50. Defendant failed to send Mr. Peterson a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

51. Defendant continued collection efforts even though the Alleged Debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

52. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

53. Mr. Peterson is entitled to damages as a result of Defendant's violations.

## COUNT II
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

54. Mr. Peterson incorporates by reference all of the allegations set forth above as though fully stated herein.

55. The *Restatement of Torts, Second,* § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

56. New Jersey further recognizes Mr. Peterson's right to be free from invasions of privacy. Thus, Defendant violated New Jersey state law.

57. Defendant intentionally intruded upon Mr. Peterson's right to privacy by continually harassing Mr. Peterson with phone calls to his home during unusual hours and by contacting Mr. Peterson at his place of employment.

58. Defendant's telephone calls were so persistent and repeated with such frequency as to be considered, "hounding [Mr. Peterson]," and, "a substantial burden to his existence," amounting to an invasion of privacy as defined by the *Restatement of Torts, Second,* § 652(b).

59. Defendant's conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

60. As a result of the intrusions and invasions, Mr. Peterson is entitled to actual damages from Defendant in an amount to be determined at trial.

61. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Mr. Peterson is entitled to punitive damages from Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Peterson prays that judgment be entered against Defendant awarding him:

1. Actual damages including, but not limited to, the emotional distress he has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Liquidated damages;

5. Punitive damages; and

6. Such other and further relief as the Court may deem just and proper.

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 23, 2009

                              Respectfully submitted,

                        By    /s/ Garrett Elias
                              Garrett Elias, Esq.
                              LEMBERG & ASSOCIATES L.L.C.
                              A Connecticut Law Firm
                              1100 Summer Street, 3rd Floor
                              Stamford, CT 06905
                              Telephone: (203) 653-2250
                              Facsimile: (877) 795-3666

**CERTIFICATE OF SERVICE**

      **THIS IS TO CERTIFY** that on October 30, 2009, a copy of the Plaintiff's First Amended Complaint was filed with the Court's electronic case filing system and sent via First Class mail, postage prepaid, to the parties listed below:

Donald S. Maurice, Jr.
**Maurice & Needleman, PC**
5 Walter E. Foran Boulevard
Suite 2007
Flemington , NJ 08822-4672
(908) 237-4570
Email: dsm@mnlawpc.com


Thomas R. Dominczyk
**Maurice & Needleman, PC**
5 Walter E. Foran Boulevard
Suite 2007
Flemington , NJ 08822-4672
(908) 237-4550
Email: trd@mnlawpc.com


                                      Respectfully submitted,
                               By /s/ Garrett Elias_____
                                    Garrett Elias, Esq.