NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Robert PETERSON,<br><br>    Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, L.L.C.,<br><br>    Defendant. | Civ. No. 09-2707<br><br>OPINION & ORDER |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court upon Defendant's Motion for Summary Judgment [docket # 17] and Plaintiff's Cross Motion for Summary Judgment [18]. The Court has decided the motion upon consideration of the parties' written submissions and without oral argument. For the reasons given below, Defendant's Motion is GRANTED IN PART and DENIED IN PART and Plaintiff's Motion is GRANTED.

BACKGROUND

Plaintiff filed this action against Defendant, a debt collection agency, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). The lawsuit concerns whether or not Defendant, in the course of its debt collection efforts, sent Plaintiff certain written disclosures required by law or used any fraudulent or deceptive practices.

On December 19, 2002, Defendant acquired a receivable in the amount of $2,936.32 from Fleet Bank, which was owed by a debtor by the name of Robert Peterson residing at 11

Skyline Rd., Colonia, New Jersey 07067. (Pl.'s Statement of Facts ("PSF") ¶ 1.)[1] It is currently unclear whether the Robert Peterson named as the debtor and the Robert Peterson who is the plaintiff in this action are the same person. On January 7, 2003 Defendant caused a letter addressed to "Robert Peterson" to be sent to this address. (Aff. Sam Andreasen ¶¶ 13-15 & Ex. A.) However, Plaintiff has never resided at 11 Skyline Rd., Colonia, New Jersey (PSF ¶ 3), and he did not receive Defendant's January 7, 2003 letter (*see* Aff. Robert Peterson ¶ 13). A few years later, in 2007, Defendant made a series of phone calls to Plaintiff and Plaintiff's parents in an effort to collect on the debt it had acquired from Fleet Bank. (Dep. Robert Peterson 41:23-24.) Plaintiff denied owing the debt. (PSF ¶¶ 5-6.) Then in October 2008 and February 2009, Defendant sent additional letters, this time to Plaintiff's actual address, and Plaintiff received them. (*Id.* ¶¶ 10, 18; Aff. Robert Peterson Exs. 1 & 4.) Plaintiff filed this lawsuit June 3, 2009, alleging that Defendant's collection efforts violated the FDCPA.

The Court will first consider Plaintiff's cross motion for summary judgment and then move on to consider Defendant's motion for summary judgment.

## ANALYSIS

I. Standard of Review

Summary judgment is proper when "the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). More specifically, summary judgment should be granted if the evidence available would not

---

[1] The Court cites only to those portions of the parties' statements of facts which are not disputed.

support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. Accordingly, if the movant's motion is supported by facts, the party opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

While a party moving for summary judgment must, of course, produce evidence supporting those elements essential to its case, it is not obliged to produce evidence specifically disproving those elements essential to its adversary's case. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Properly applied, Rule 56 will "isolate and dispose of factually unsupported claims or defenses" before those issues come to trial. *Id.* at 323-24.

II. <u>Plaintiff's Cross Motion for Summary Judgment</u>

The FDCPA regulates the collection of debt in a variety of ways. Relevant to this motion, 15 U.S.C. § 1692g sets out a three-step procedure for validating and verifying any debt upon which a debt collector attempts to collect. Within five days of a debt collector's initial communication with a consumer, the collector must send the consumer a written notice containing five items, unless the initial communication already contained them:

> **(1)** the amount of the debt;
>
> **(2)** the name of the creditor to whom the debt is owed;
>
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt

>collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). If the consumer elects to comply with subparagraph (4) and disputes the debt in writing, the debt collector must cease all collection activities until it obtains verification of the debt or the name and address of the original creditor and sends a copy of this verification to the consumer. 15 U.S.C. § 1692g(b).

The parties dispute whether or not Defendant ever sent the five-item written notice to Plaintiff as required by subsection (a). Defendant contends that the letter it mailed to the Skyline Road address on January 7, 2003 contained all the required disclosures, and that as a result it did not violate the FDCPA by continuing to try to collect on the debt in its 2007 phone calls and subsequent letters. Plaintiff maintains that since the January 7, 2003 letter was not sent to his residence, Defendant did not comply with the FDCPA, and the subsequent phone calls and letters constitute unlawful collection activities.

Resolution of this dispute requires analysis of the statutory language of 15 U.S.C. § 1692g(a): "Within five days after *the initial communication with a consumer* in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice" (emphasis added). For purposes of resolving Plaintiff's cross motion, the dispositive question is whether the January 7, 2003 letter qualifies as "the initial communication with" Plaintiff. If it does not, then Defendant's subsequent collection efforts would appear to be unlawful, since

4

Defendant does not maintain that it ever sent Plaintiff any other written notice that contained the required five items.

The FDCPA itself does not provide much help in interpreting or applying the phrase "communication with a consumer." The Act defines "communication" to mean "the conveying of information regarding a debt directly or indirectly to any person through any medium," (15 U.S.C. § 1692a(2)), but this definition does not give any indication as to where exactly a letter must be sent for it to qualify as a "communication *with a consumer*" (emphasis added). While this Court has not found any case law interpreting this phrase, a handful of cases have analyzed the phrase "send the consumer a written notice," which also appears in § 1692(a)(2). These cases have coalesced around the proposition that "while the plain language of the statute does not require the debt collector to ensure actual receipt of the validation notice, the plain language does require the debt collector to send the validation notice to a valid and proper address where the consumer may actually receive it." *Johnson v. Midland Credit Management Inc.,* No. 1:05 CV 1094, 2006 WL 2473004, *12 (N.D. Ohio Aug. 24, 2006); *see also Mahon v. Credit Bureau of Placer County*, 171 F.3d 1197, 1201-02 (9th Cir. 1999). The reasoning in support of this interpretation is persuasive. *See Johnson*, 2006 WL 2473004 at *11-13. While *Johnson* and related cases have focused on the "written notice" phrase rather than the "communication" phrase of § 1692g(a), it makes sense to interpret the two provisions in parallel. The clear purpose of this section of the FDCPA is to require any debt collector who contacts a consumer to give that consumer a specific notice and an opportunity to dispute the debt. This purpose is best served by construing "notice" and "communication" as applying in the same circumstances.

Given the evidence available, this Court concludes that Plaintiff has shown beyond dispute that the January 7, 2003 letter is not Defendant's initial communication with Plaintiff.

As was noted above, Defendant sent this letter to an address where Plaintiff has never lived. In fact, there is no evidence that Plaintiff has any connection with the Skyline Road address at all. This being the case, 11 Skyline Rd., Colonia, New Jersey cannot fairly be characterized as "a valid and proper address where the consumer may actually receive [the validation notice]." In order to create a genuine issue of material fact on this point, Defendant would need to come forth with evidence suggesting that there is a reason to suppose that Plaintiff would receive mail sent to the Skyline Road address. The mere fact that a person by the name of "Robert Peterson" is or was associated with that address is insufficient in this regard.

Since the January 7, 2003 letter is not Defendant's initial communication with Plaintiff, one of the phone calls in 2007 must have been the actual initial communication. Plaintiff has introduced uncontested evidence supporting a finding that Defendant did not send the required validation notice at any time in 2007. Accordingly, this Court will enter summary judgment in favor of Plaintiff on his claim under § 1692g(a).

III. <u>Defendant's Motion for Summary Judgment</u>

Defendant moved for summary judgment on the grounds that this action is barred by the FDCPA's one-year statute of limitations under 15 U.S.C. § 1692k(d). Then, in its reply papers, Defendant asserted new arguments for summary judgment, contending (1) that the January 7, 2003 letter should be deemed received by Plaintiff because it was sent through the mail and Plaintiff did not submit any evidence tending to disprove his receipt of the letter,[2] and (2) that Plaintiff has not produced evidence of fraud to support a finding of liability under 15 U.S.C. §§ 1692e(2) & 1692e(10). As a matter of procedure, it was improper for Defendant to assert

---

[2] This first argument ultimately fails because, as noted above, there is no evidence to support a finding that Plaintiff received mail at the Skyline Road address.

entirely new arguments in support of its motion for summary judgment in a reply brief, and the Court will not consider them.

Defendant's statute of limitations argument is unavailing. Defendant notes that the phone calls that Defendant made to Plaintiff during 2007 cannot form the basis for a FDCPA claim because those calls all took place more than one year before this action was filed on June 30, 2009. However, Plaintiff has supplied undisputed evidence showing that Defendant sent him letters in October 2008 and February 2009, and an action based on these contacts would not be time-barred.

Plaintiff, in his opposition brief, withdraws several claims contained in Count I and all of Count II. Accordingly, the Court will grant Defendant's motion insofar as it pertains to those claims.

## CONCLUSION

For the forgoing reasons, IT IS ORDERED, this 19th day of May, 2010, that Defendant's Motion for Summary Judgment [17] is GRANTED IN PART and DENIED IN PART; and it is further

ORDERED that JUDGMENT be entered in favor of Defendant on the claims stated in Count II of the Amended Complaint and paragraphs 33-40, 42, 43, and 45 of Count I of the Amended Complaint; and it is further

ORDERED that Plaintiff's Cross Motion for Summary Judgment [18] is GRANTED; and it is further

ORDERED that JUDGMENT be entered in favor of Plaintiff in the amount of $1,000; and it is further

ORDERED that Plaintiff inform the Court within 30 days of the entry of this order as to whether he intends to pursue his remaining claims under 15 U.S.C. §§ 1692e(2) and 1692e(10).

<u>/s/  Anne E. Thompson</u>
ANNE E. THOMPSON, U.S.D.J.
