<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Robert PETERSON,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

Civ. No. 09-2707

OPINION & ORDER

<u>THOMPSON, U.S.D.J.</u>

    This matter comes before the Court upon Plaintiff's Motion for Attorneys' Fees [docket # 30]. The Court has decided the motion upon consideration of the parties' written submissions, without holding oral argument. For the reason given below, the motion is granted in part.

    Plaintiff filed this action against Defendant, a debt collection agency, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). After brief discovery proceedings, the parties filed cross motions for summary judgment, and the Court granted Plaintiff's motion and entered judgment in Plaintiff's favor. Plaintiff has now filed this motion seeking attorneys' fees under 15 U.S.C. § 1992k(a)(3), which allows a plaintiff who succeeds on an FDCPA claim to recover a "reasonable attorney's fee."

    To arrive at a "reasonable attorney's fee," this Court applies the "lodestar formula," "which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Maldonado v. Houston*, 256 F.3d 181, 184 (3d Cir. 2001). In calculating the number of hours, the Court must determine whether the hours set out in the prevailing party's affidavits are reasonable considering the particular tasks described, excluding those hours that are "excessive, redundant, or otherwise unnecessary." *Id.* (quoting *Public Int. Research Group of N.J., Inc. v.*

1

*Windall*, 51 F.3d 1179, 1188 (3d Cir.1995). In determining the proper hourly rate, the Court should consider prevailing market rates and the skill and experience of the prevailing party's attorneys. *Id.*

Counsel for Plaintiff contends that they spent 100.5 hours working on this case, incurring $29,577.00 in attorneys' fees. After reviewing the documents that Plaintiff submitted along with its application for attorneys' fees, the Court has determined that Plaintiff's attorneys expended an unreasonable amount of time on this matter. Accordingly, the requested fee will be reduced.

The Court finds that 100.5 hours was an unreasonable amount of time for three related reasons. First and foremost, this was a simple case. This case was resolved by looking at what sorts of notices Defendant sent out, when they were sent, and to whom they were addressed. Plaintiff relied on a single, straightforward statute whose application is very mechanical. The only issue of statutory interpretation concerned a single phrase, and there was very little case law to digest in resolving this ambiguity. Plaintiff's attorneys' billing records reflect that 41 hours were spent in preparing the Complaint and Amended Complaint, reviewing the rather meager evidentiary record, and conducting the very limited discovery that occurred. Another 50.3 hours were spent preparing the affidavits and two short briefs that were submitted as part of the summary judgment proceedings. Given the factual and legal simplicity of this case, it is clear that far less time than this was necessary to accomplish these tasks. Furthermore, despite the simplicity of this case, the firm apparently decided to assign nine different attorneys to work on the matter—necessitating duplicative reviews of the case file and a lot of internal email correspondence between the various attorneys working on the case. This created redundancies that justify reducing Plaintiff's requested award.

Second, and relatedly, it is clear that Plaintiff's attorneys worked for a firm that specializes in this kind of work. Consequentially, it should be presumed that the attorneys were

already generally familiar with the FDCPA scheme when they began this case. Given the firm's specialization in this area, Plaintiff's attorneys should have been able to move through the various litigation tasks much more quickly than the billing records suggest. It was especially unreasonable for the firm to spend more than fifty hours working on the simple briefs and affidavits that were submitted as part of the summary judgment process.

Finally, while the Complaint included a long list of different FDCPA claims, Plaintiff ultimately obtained judgment under one specific subsection of the law and voluntarily dismissed all the other claims. Since Plaintiff is allowed to recover only those fees related to those claims upon which he ultimately prevailed, his requested fee must be reduced to reflect this.

As a result, the Court concludes that Plaintiff's attorneys could have undertaken this representation taking substantially less than 100 hours. There was a great deal of work that was either excessive or redundant. The Court believes that an overall hour reduction of 65% is appropriate, applied to all tasks that were undertaken in the course of this lawsuit.[1] Accordingly, Plaintiff's requested fee of $29,577.00 will be reduced to $10,351.95.

Accordingly, IT IS, this 23rd day of September, 2010,

ORDERED that Plaintiff's Motion for Attorneys' Fees [docket # 30] is GRANTED IN PART; and it is further

ORDERED that Plaintiff shall recover attorneys' fees from Defendant in the amount of $10,351.95; and it is further

ORDERED that Plaintiff shall recover costs from Defendant in the amount of $460.00.

                                                  */s/ Anne E. Thompson*
                                                 ANNE E. THOMPSON, U.S.D.J.

---

[1] The Court does not mean to suggest that each individual line item on the fee statement is being reduced by 60%. Rather the general tasks described therein—e.g., case review, discovery, motion practice—each could and should have been accomplished much more efficiently.