NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Robert PETERSON, | |
| Plaintiff, | Civ. No. 09-2707 |
| vs. | OPINION |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C., | |
| Defendant. | |

THOMPSON, U.S.D.J.

This matter has come before the Court on Defendant Portfolio Recovery Associates, L.L.C.'s ("PRA") Motion for Summary Judgment [Docket # 48] and Plaintiff Robert Peterson's Cross-Motion for Summary Judgment [53]. The Court has decided these motions after considering all of the parties' submissions and without oral arguments pursuant to Fed R. Civ. P. 78(b). For the reasons that follow Defendant's motion for summary judgment on Plaintiff's § 1692g(b) claim is granted, Plaintiff's cross-motion for summary judgment on his § 1692g(b) claim is denied, and Plaintiff's motion for summary judgment as to his § 1692e claim is denied.

## I.     BACKGROUND

The Court assumes the parties' familiarity with the underlying facts of this case as laid out in the Court of Appeals for the Third Circuit's Opinion in *Peterson v. Portfolio Recovery Assocs., LLC*, 430 F. App'x 112, 113–14 (3d Cir. 2011). Plaintiff brought suit against Defendant seeking damages for violations of the Fair Debt Collection Practices Act (FDCPA or "the Act"). On May 19, 2010, this Court entered judgment [29] in favor of the Plaintiff in the amount of $1,000, which is the maximum statutory damages permitted under the FDCPA. *See* 15 U.S.C. §

1

1692k(a)(2)(A).  The Court held that PRA had violated 15 U.S.C. § 1692g(a) and that this claim

was not barred by the statute of limitations. (Opinion of May 19, 2011 at 6–7) [29].  On appeal,

the Third Circuit reversed this Court's decision and held that Peterson's claim under § 1692g(a)

was barred by the statute of limitations.  *Peterson*, 430 F. App'x at 114–15.   On remand, the

Third Circuit has directed the Court to address Peterson's other claims arising under 15 U.S.C.

§§ 1692g(b), 1692e(2), and 1692e(10).  The Court did not previously address these claims in its

Opinion of May 19, 2010 because Plaintiff had already been awarded the maximum statutory

damages.

##      II.      LEGAL STANDARD

Summary judgment is appropriate if the record shows "that there is no genuine issue as to

any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In deciding a motion for summary

judgment, a district court considers the facts drawn from "the pleadings, the discovery and

disclosure materials, and any affidavits" and must "view the inferences to be drawn from the

underlying facts in the light most favorable to the party opposing the motion."  Fed. R. Civ. P.

56(c); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted).  In

resolving a motion for summary judgment, the Court must determine "whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–

52 (1986).  More precisely, summary judgment should be granted if the evidence available

would not support a jury verdict in favor of the nonmoving party.  *Id.* at 248–49.  The Court must

grant summary judgment against any party "who fails to make a showing sufficient to establish

the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial." *Celotex,* 477 U.S. at 322.  Properly applied, Rule 56 will "isolate and

dispose of factually unsupported claims or defenses" before those issues come to trial. *Id.* at
323–24.

### III.    DISCUSSION

The FDCPA was enacted because Congress was concerned "that '[e]xisting laws and
procedures' enacted to remedy the injuries occasioned by abusive debt collectors 'are inadequate
to protect consumers.'" *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (quoting 15
U.S.C. § 1692(b)).  Congress remedied this fear by "provid[ing] consumers with a private cause
of action against debt collectors who fail to comply with the Act" and by permitting a prevailing
plaintiff to recover an award of actual damages, statutory damages, cost of suits, and attorney's
fees. *Id.* (citing 15 U.S.C. § 1692k).  Courts in the Third Circuit are to "construe [FDCPA]
language broadly, so as to effect its purpose." *Id.*  This means that when interpreting provisions
of the Act, communications between a debt collector and an alleged debtor "should be analyzed
from the perspective of the 'least sophisticated debtor.'" *Id.* (quoting *Wilson v. Quadramed
Corp.*, 225 F.3d 350, 354 (3d Cir. 2000); *see also Graziano v. Harrison*, 950 F.2d 107, 111 (3d
Cir. 1991) ("Statutory notice under the Act is to be interpreted from the perspective of the 'least
sophisticated debtor.'").

This dispute has multiple issues raised by both parties.  First, Defendant has moved for
summary judgment on Plaintiff's § 1692g(b) claim, and Plaintiff has cross-moved for summary
judgment on this claim.  Section 1692g(b) prevents a debt collector from continuing to attempt
debt collection after a debt has been contested and before it has been verified.  15 U.S.C. §
1692g(b).  The Defendant raises multiple arguments in support of its motion, but only its second
argument—i.e., whether a debt collector's failure to provide the required disclosures under §
1692g(a) prevents an alleged debtor  from requesting § 1692g(b) verification—will be addressed

3

by the Court because resolution of that issue is alone sufficient to decide these competing motions.

Second, Plaintiff has cross-moved for summary judgment on his § 1692e(2) claim.[1] Defendant opposes this motion in its reply brief.  Section 1692e(2) prohibits false representation of the character, amount, or legal status of any debt.  15 U.S.C. § 1692e(2).  Plaintiff moves for summary judgment based on the notion that PRA represented to Peterson that he owed a debt that he was not legally obligated to pay.

**a.**   15 U.S.C. § 1692g

Pursuant to subsection (a) of 15 U.S.C. § 1692g, a debt collector is required to provide, within five days from the initial communication with an alleged debtor in connection with collection of a debt, a written notice containing the following:

> (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

Upon receipt of the statutory notification provided by subsection (a), a consumer may dispute the alleged debt.  Subsection (b) of § 1692g provides as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until

---

[1] The Court of Appeals directed this Court to "provide Peterson with another opportunity to pursue his claims under § 1692e(2) and (10), if he wishes to do so."  *Peterson*, 430 F. App'x at 115.  Peterson, however, has not cross-moved for summary judgment on his § 1692e(10) claim and therefore it will not be addressed.

the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).  According to the Third Circuit, in order for Plaintiff to prevail on a claim under subsection (b) at the summary judgment stage, this Court would have "to find that (1) Peterson's initial email to PRA triggered the verification requirement of § 1692g(b); (2) PRA's response did not satisfy the verification requirement; and (3) the letter sent by PRA in February of 2009 constituted collection activity in violation of § 1692g(b)." *Peterson*, 430 F. App'x at 115 n.3.

Defendant argues that Plaintiff cannot prevail on his § 1692g(b) claim because he did not receive statutory notification under subsection (a) and therefore his right to request verification as provided in the statute never properly vested.  Plaintiff contends that Defendant's reading of the statute would lead to "an absurd and bizarre result." (Pl.'s Opp. Br., 9).

In accordance with the Third Circuit's opinion, the statutory "initial communication" in this case occurred in January 2007. *Peterson*, 430 F. App'x at 114–15.  Plaintiff, however, did not send a written response asking for verification until January 2009. *Id.* at 113.  Because of this two-year lapse between the initial communication and the alleged request for verification, Plaintiff cannot prevail on his § 1692(b) claim as a matter of law.

To begin, Plaintiff seems most concerned with the consequences that logically follow from Defendant's argument that because no statutory notification was sent, an alleged debtor could never request verification.  On first glance, as Plaintiff points out, this would seem to flout

congressional intent by permitting a debt collector to avoid the strictures of § 1692(b) based on

the debt collector's own malfeasance or intentional misconduct.  The Court, however, does not

share Plaintiff's concern in this regard because if a debt collector were to take the course of

action that Plaintiff suggests one might take, a different statutory remedy is available—namely,

liability under subsection (a).  *See* 15 U.S.C. §§ 1692g(a), 1692k(a).  The Court is in agreement

with a decision from the District of Connecticut: "As the Court understands §§ 1692g(a) and (b) .

. ., a debt collector can be liable for violating *either* § 1692g(a) *or* § 1692g(b).  But the Court has

serious doubts about whether it is possible for a debt collector to be liable under *both*

subsections."  *Derisme v. Hunt Leibert Jacobson, PC*, No. 10-0224, 2010 U.S. Dist. LEXIS

119351, *12 (D. Conn. Nov. 10, 2010) (emphasis in original).

Even assuming, but without deciding, that verification could be requested within the 30-

day window in the absence of statutory notification, Plaintiff's claim under § 1692(b) must still

fail.  Plaintiff did not request verification of the debt until two years after the initial

communication.  Plaintiff would have the Court completely read out of the statute the 30-day

window.  The Court, however, sees no way to read subsection (b) without reference to the 30-

day window and its reference, at the very least, to the initial communication.  *Cf. Lane v. Fein,*

*Such & Crane, LLP*, 767 F. Supp. 2d 382, 387–88 (E.D.N.Y. 2011) ("[I]f no initial

communication takes place, then the thirty day period never begins running.").  As such, Plaintiff

cannot prevail on his § 1692g(b) claim because he failed to establish the first prong of that cause

of action as laid out by the Court of Appeals as a matter of law.  *See Peterson*, 430 F. App'x at

115 n.3.  Therefore, the Court does not need to address Defendant's other arguments because this

alone is sufficient for Defendant to prevail on the motion for summary judgment in regard to

Plaintiff's § 1692g(b) claim.

**b.**  15 U.S.C. § 1692e(2)

Beyond regulating the manner in which a debt collector may interact with an alleged

debtor, the FDCPA also prohibits a debt collector from engaging in false, misleading, or

deceptive practices in the course of trying to collect on a debt.  15 U.S.C. § 1692e.  A violation

of § 1692e occurs if a debt collector engages in, *inter alia*, "The false representation of the

character, amount, or legal status of any debt."  *Id.* § 1692e(2).

Plaintiff, in moving for summary judgment on this count, has not provided sufficient

facts on which this Court could rule in his favor.  Plaintiff contends only the following:

> Peterson interpreted [PRA's letter to mean that he was legally obligated to satisfy
> the debt] and eventually [he] disputed the debt because he believed he did not owe
> it.  Plaintiff has presented uncontroverted evidence that he did not reside at any of
> the addresses PRA believed the actual debtor lived and Peterson has maintained
> throughout the debt was not his.  PRA has not presented any evidence to the
> contrary or to show [*sic*] they were collecting from the right persons.  Therefore,
> Peterson is entitled to judgment as a matter of law on his § 1692e(2) claim.

(Pl.'s Opp. Br., 17).  This is insufficient for the Court to rule in Plaintiff's favor.  *See Dutton v.*

*Wolhar*, 809 F. Supp. 1130, 1136 (D. Del. 1992) (holding that "the record lack[ed] sufficient

facts for this Court to determine whether an unsophisticated consumer would have believed

himself obligated for the debt incurred by his father").  Plaintiff's own beliefs are simply

irrelevant in this determination.  *See id.*

Plaintiff has cited to the Court three cases that he believes support his position.  The cases

are the following: *Dutton*, 809 F. Supp. 1130; *Stuart v. AR Res., Inc.*, No. 10-3520, 2011 U.S.

Dist. LEXIS 27025 (E.D. Pa. Mar. 16, 2011); and *Beattie v. D.M. Collections, Inc.*, 754 F. Supp.

383 (D. Del. 1991).  None of these cases offer Plaintiff any support.  Both *Dutton* and *Stuart*

dealt with a situation in which a debt collector attempted to collect a debt from the relative of an

initial debtor.  *See Dutton*, 809 F. Supp. at 1136; *Stuart*, 2011 U.S. Dist. LEXIS 27025, at *9–12.

Thus, in those cases, unlike here, the debt collector made an affirmative misrepresentation about

the debt, as opposed to an honest mistake.  There is no allegation in this case that PRA intentionally tried to have the Plaintiff satisfy the debt of another.  It is clear that PRA actually believed the Plaintiff was the "Robert Peterson" who owed the debt.  As the *Beattie* court noted, "[T]here is room within the Act for ethical debt collectors to make occasional unavoidable errors without subjecting themselves to automatic liability." *Beattie*, 754 F. Supp. at 392.  Under § 1692e(2)(A), "The term 'false representation' . . . would seem to imply that the subsection prohibits intentional conduct." *Id.*  Because there are no facts presented to the Court upon which a reasonable jury could rely in finding for the Plaintiff on this claim, Plaintiff's motion for summary judgment on his § 1692e(2) claim must be denied.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment on Plaintiff's § 1692g(b) claim is granted, and Plaintiff's cross-motion for summary judgment on that same claim is denied.  In addition, Plaintiff's cross-motion for summary judgment on its § 1692e(2) claim is also denied.  An appropriate order will follow.

                                                          */s/ Anne E. Thompson*
                                                          ANNE E. THOMPSON, U.S.D.J.

Date: December 12, 2011