NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Robert PETERSON,<br><br>        Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>        Defendant. | Civ. No. 09-2707<br><br>OPINION & ORDER |

THOMPSON, U.S.D.J.

      This matter has come before the Court on Plaintiff Robert Peterson's Motion for Reconsideration [docket # 58] of this Court's Order of December 12, 2011 ("the Order") [57] granting Defendant Portfolio Recovery Associates, LLC's ("PRA") motion for summary judgment and denying Plaintiff's cross-motion for summary judgment. Defendant opposes this motion [59]. The Court has decided this motion upon consideration of the parties' submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's motion is denied.

      The Court assumes the parties familiarity with the underlying facts of this case. Plaintiff filed a complaint against PRA in this case alleging that PRA violated the Fair Debt Collection Practices Act (FDCPA). This Court originally granted summary judgment in favor of the Plaintiff. (Op. and Order of May 19, 2010) [29]. Following re-instatement of this case by the Third Circuit Court of Appeals, however, Defendant moved for summary judgment as to Plaintiff's claim arising under 15 U.S.C. § 1692g(b) [50]. Plaintiff then cross-moved for summary judgment on this count, along with seeking summary judgment for his claim arising under 15 U.S.C. § 1692e(2) [53]. The Court ruled in the Opinion dated December 12, 2011 that

1

Plaintiff could not prevail on his § 1692g(b) claim as a matter of law and therefore granted summary judgment in favor of the Defendant on this count. (Op. of Dec. 12, 2011). Furthermore, the Court denied Plaintiff's cross-motion for summary judgment on his § 1692e(2) claim. (Order of Dec. 12, 2011). The Court reasoned that Plaintiff had not put forth sufficient facts to overcome its burden at the summary judgment stage, which is to establish that no reasonable juror could find in favor of the Defendants based on the undisputed facts. (Op. of Dec. 12, 2011, at 7–8).

As an initial matter, there appears to be confusion on both sides of this case as to the scope of this Court's Order. The Court did three things in the Order: (1) it granted Defendant's motion for summary judgment as to Plaintiff's claims arising under § 1692g(b); (2) it denied Plaintiff's cross-motion for summary judgment as to Plaintiff's claims arising under both § 1692g(b) and § 1692e(2); and (3) it dismissed Plaintiff's claim arising under § 1692g(b). Contrary to what the parties apparently believe, the Court did not dismiss Plaintiff's claim under 15 U.S.C. § 1692e(2). As Plaintiff correctly points out in his briefing papers, the Court did not grant summary judgment to PRA on this count, nor for that matter did PRA move for summary judgment on that count.[1]

Beyond this apparent confusion by the parties, it is unclear to the Court what exactly Plaintiff seeks in this motion. Although Plaintiff asks the Court to reconsider its Order on one substantive ground, he asks only that the Court set a date for trial. Plaintiff does not ask the Court to enter summary judgment against the Defendants. For the sake of clarity, and to alleviate any further doubt as to the scope of this Court's ruling, the Court will briefly address this substantive argument. Defendant meanwhile makes several arguments as to why granting

---

[1] The Court assumes that this confusion is the result of a docketing error. This case was accidently terminated following the issuance of this Court's Order. This mistake has since been corrected.

summary judgment is appropriate in its favor as to Plaintiff's § 1692e(2) claim. Defendant, however, did not move for summary judgment on this count, and the Court will not permit it to do so in an opposition brief to a motion for reconsideration. *See Laborers' Int'l Union of N.Am. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless the party raises it in its opening brief.").

As to his more substantive argument, Plaintiff contends that the Court improperly read an intent requirement into § 1692e(2) instead of relying on the Third Circuit's "least sophisticated debtor" standard. In this Court's Opinion of December 12, 2011, the Court properly recognized that the FDCPA is construed broadly and that "communications between a debt collector and an alleged debtor 'should be analyzed from the perspective of the least sophisticated debtor.'" (Op. of Dec. 12, 2011, at 3 (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

In order to establish a violation of § 1692e(2), a plaintiff must show that the defendant engaged in "[t]he false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2). In discussing Plaintiff's cross-motion for summary judgment on this count, the Court stated that Plaintiff "has not provided sufficient facts on which this Court could rule in his favor." (Op. of Dec. 12, 2011, at 7). It is axiomatic that on a motion for summary judgment a court must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted).

Plaintiff has put forth only two facts upon which he believes that it is entitled to summary judgment: (1) that Plaintiff subjectively believed that PRA's letter meant that he was legally obligated to satisfy the alleged debt; and (2) that Plaintiff did not reside at any of the addresses PRA believed the actual debtor lived. (Op. of Dec. 12, 2011, at 7). The Court stated in its Opinion that "Plaintiff's own beliefs are simply irrelevant" in deciding Plaintiff's cross-motion

for summary judgment regarding the § 1692e(2) count. (*Id.*). There are two reasons for this. First, as Plaintiff points out, the standard is based on what the least sophisticated debtor would believe, not what the subjective belief of the alleged debtor was. *See Brown*, 464 F.3d at 453. Second, a reasonable jury could disbelieve this evidence, and "if there is a chance that a reasonable factfinder would not accept a moving party's necessary propositions of fact,' summary judgment is inappropriate." *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011) (quoting *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007)). Plaintiffs are not entitled to any inference in their favor on a motion for summary judgment. *See Curley*, 298 F.3d at 267–77.

"[I]t is inappropriate to grant summary judgment in favor of a moving party who bears the burden of proof at trial unless a reasonable juror would be compelled to find its way on the facts needed to rule in its favor on the law." *El*, 479 F.3d at 238 (footnote omitted). The mere fact that Plaintiff never resided at any address listed for the original debt is insufficient to compel a finding that PRA made a false statement as to the character, amount, or legal status of the debt. Indeed, the Court posited in its Opinion that it is doubtful that a reasonable jury could find—on this fact alone—in Plaintiff's favor, let alone be *compelled* to find in Plaintiff's favor on the basis of this fact. This is especially true on the procedural posture of this case, in which the Court must make all inferences against the moving party. And at the very least, this raises a disputed question of fact.[2]

In Plaintiff's original cross-motion, he pointed to three cases that he believed supported his position. In distinguishing those cases, the Court noted that at least two of those cases dealt

---

[2] As the Court noted in its Opinion of May 19, 2010—and as relied upon in Plaintiff's most recent cross-motion for summary judgment—"It is currently unclear whether the Robert Peterson named as the debtor and the Robert Peterson who is the plaintiff in this action are the same person." (Pl.'s Cross-Motion [53] at 3 (quoting Op. of May 19, 2010 [29] at 2)). This fact remained in dispute at the time this earlier motion was decided despite that it was also uncontested at that time, as now, that Plaintiff never resided at the listed address. (*See id.* (quoting Op. of May 19, 2010 at 2)).

4

with a situation in which an affirmative misrepresentation was made by the defendant. (*See* Op. of Dec. 12, 2011, at 7 (citing *Dutton v. Wolhar*, 809 F. Supp. 1130, 1136 (D. Del. 1992); *Stuart v. AR Res., Inc.*, No. 10-3520, 2011 U.S. Dist. LEXIS 27025, at *9–12 (E.D. Pa. Mar. 16, 2011)). In this case, however, it is not alleged that an affirmative misrepresentation was made. Thus, the cases cited by the Plaintiff were factually distinct from the present case. Moreover, the Court believed that based on the facts presented to the Court in Plaintiff's cross-motion—which are the only facts that this Court considered in deciding Plaintiff's cross-motion, *see* Fed. R. Civ. P. 56(c)(3)—it appeared likely that Defendant could make use of a "bona fide error" defense.

In sum, the Court held that Plaintiff had not met his burden in establishing that he is entitled to judgment as a matter of law based on the minimal facts presented to the Court. (Op. of Dec. 12, 2011, at 7 (quoting *Dutton*, 809 F. Supp. at 1136 ("the record lack[s] sufficient facts for this Court to determine whether an unsophisticated consumer would have believed himself obligated for the debt"))). Factual issues remain to be resolved, including whether PRA's communications to Plaintiff could be considered a false representation of the character, amount, or legal status of any debt, and whether Defendant can prove its "bona fide error" defense, which was raised in the Defendant's Answer [13] to the Amended Complaint, (*See* Answer, Fourth Affirmative Defense).

Therefore, it is on this 14th day of February, 2012

ORDERED that Plaintiff's Motion for Reconsideration is DENIED; and it is

ORDERED that this case be set down for trial.

        */s/ Anne E. Thompson*
        ANNE E. THOMPSON, U.S.D.J.